May it please the Court, Paul Cowie for Appellant, Manheim. This Court should vacate the stay in this case and hold that it was improper for two primary reasons. The first reason is because the lander's stay is improper for two separate and distinct reasons. The first reason is that the District Court made an error of law. And Lockyer tells us then where there has been an error of law in granting a stay, it's per se improper. And the error of law here is that dynamics has no relevance to this case, George's individual wrongful termination claim. Counsel, why would we have jurisdiction to review the stay at this stage? Your Honor, you have three separate reasons for jurisdiction in this case. The first is that my client finds itself effectively out of court. There is a long-running precedent in the Ninth Circuit that where a stay effectively puts the party out of court, then it's a final order from which you have jurisdiction. And why does the stay effectively put your client out of court? Because of the concurrent running state court action, the Cullum-Pagar action, which continues. But that's the cases you cite for the effectively out of court reason does not apply here because the District Court here explicitly declined to stay the case pending the outcome in Cullum. He's waiting for a decision in another state court case that, frankly, might help resolve this case sooner rather than later, right? Your Honor, I have two responses to that. The first is that if the Landis factors are not satisfied, then the stay is improper per se under lock here. The second response is that the practical effect of this stay is pending Cullum. So while the court may have said I'm going to stay the case pending dynamics and not pending the state court Cullum case, the practical effect of it is we really do have a Colorado River stay and not a Landis stay. Aren't you soon, perhaps, going to be getting the case back on track for you because Dynamex was argued before the California Supreme Court on February 6th and under their rules you should have a decision in three months? Your Honor, there are... And so maybe you should wait until that decision comes down, see what the district court does with that before crying foul. Your Honor, there's several aspects there. First of all, the stay in this case will not automatically be lifted when the Dynamex decision comes down. The stay decision specifically said we can then apply to have the stay lifted. And so unless and until the stay is lifted, the wrong shall continue. And so we would ask that this court issue a decision holding that the Landis stay was incorrect. What I'm suggesting is maybe the wrong doesn't apply until after you or someone makes the motion for the court once Dynamex has decided to lift the stay. And then if the court should decline to renew its efforts on that case and give some reason that is effectively tossing the case to another court, then you might have an argument, a good argument. Your Honor, two responses to that. The first is the obvious, which is it's taken 18 months to get here and then a period of time before we get a decision. So if we followed your proposal, we might be seeing you in two years from now, at which point it would be too late because the state court decision would have resolved an important issue, which my out-of-state client has got a right to have a Federal court judge decide, which is where we're headed right now. The second issue is that's effectively to say, well, the Landis stay in place right now is improper, but let's just leave it because we'll see what happens and see if there's another error. There's a present error that should be resolved by this court, which is that the Landis stay is improper for two distinct reasons. The first reason is that because Dynamex does not apply to this case. Dynamex only applies to wage order claims. There is no wage order claim mentioned or pled in this case. The second reason is that the Landis factors are not satisfied. Very specifically, the suppliant of a stay must make out a clear case of hardship or inequity in being required to go forward. That didn't happen here. And, in fact, we have the unusual circumstance where because of the state court action, the plaintiff has already, in a pleading in the state court, said that they would be prejudiced if there was a stay. And so by definition, the Landis factors requiring plaintiff to make out a clear case of harm cannot possibly be satisfied. And, frankly, that's the reason we're here. This issue never got briefed. The district court, at the end of a scheduling conference, said he was going to stay the case pending Dynamex. And if we'd had the opportunity, we would have been able to show that, A, Dynamex is not relevant, and, B, the hardship factors are not satisfied. Did you ask the court to reconsider? And did you supply a motion citing Landis and say, wait a minute, Judge, you've gone off the rail here despite your good intentions? Your Honor, in this case, there was not a reconsideration motion. There's actually three plaintiffs in the Cullum State Court action, each of whom have individual cases. And another individual case came before the federal court shortly thereafter, which was also stayed pending Dynamex. It was very clear the direction that the federal court was going, and we wanted, obviously, to move forward with the appeal as fast as we could, knowing how long it would take. So part one of why the stay should be vacated and held improper is the Landis. The second part is, as I've alluded to, the real impact here is that this stay violated Colorado River and the abstention doctrine. Essentially, what we are dealing with is while the court said, well, I'm issuing a stay under Landis and not Colorado River, you can't just put your head in the sand and ignore the practical impact. The practical impact is that, in fact, a state court case will continue, will run towards a decision, and, in particular, the very important issue of employment classification. And in the Paga case, a state court judge will decide that decision, whereas in the federal case, my client has the right to a federal jury trial to decide that issue. And so we would ask that this court issue an order which directs district courts, both this one and in the future, that if you're issuing a Landis stay, but the circumstances of a concurrent pending state court action exist, that you have to actually look at the Colorado River factors as well and not ignore the practical effect of the stay and rely solely on a technical procedural. And that's consistent with all of the cases dealing with stays. Did you want to reserve the balance of your time? Yes. Thank you. May it please the Court, Alan Graves on behalf of Michael George. As we talk today, I'd like to first address jurisdiction and then address the contention that the Court abused its discretion. With regard to jurisdiction, the argument fails on both the facts and the law. And there's two ways in which the company's argument fails on the facts. The first, the Court has already identified. Dynamex went to oral argument on the 6th of February. An opinion will be forthcoming in less than eight weeks. Unless Your Honors write very, very quickly, that means the Dynamex opinion will be out before this Court's ruling is out. If not, they'll be very close to contemporaneous. But your opponent says Dynamex has nothing to do with this case and this has all been a long waste of time. So there's two important points about that. First is that they're wrong. And second is if they are right, then it defeats their argument for prejudice. So let me address each of those. Defendants' theory is that they can know how the California Supreme Court will write the Dynamex opinion. And they believe that the California Supreme Court will write an opinion under which there is one standard for being an employee for purposes of the wage order and a separate standard for being an employee for purposes of the labor code, contract claims, or common law claims. Now, I'm not saying that's impossible, but it's both speculative and highly unlikely. Imagine if you lived under a regime where your gardener was a wage order employee but not a labor code employee, and your housekeeper was a labor code employee but not a wage order employee. For employers and employees, that would be a really tough standard to actually have be the law. It could be. The way that the company builds this theory is they point to some language from the district court case and say, look, Dynamex will either accept or reject this language. That's not how courts of appeal work. It turns out you all write stuff. You don't just have a button that says approve or reverse. Defendants' theory that it knows exactly how Dynamex will be written is fundamentally false. Defendants' theory also fails because it conflicts with their theory of how they have prejudice here. Remember defendants' prejudice theory. They just told you that they are prejudiced because there's this PAGA action in state court which will be subject to Dynamex and which they think might get resolved before the federal court case. Set aside that we're now only eight weeks away from Dynamex and there's not even a trial date in the PAGA case, but imagine it happened. Under defendants' theory, Dynamex will control the state court PAGA action, but there will be a completely different standard applied to this action for Mr. George individually. That means they can't suffer prejudice because if, in fact, Dynamex is written the way defendants says it will be, there will be two different standards. If Dynamex is irrelevant here and the PAGA case is going to be driven by Dynamex, where is defendants' prejudice? They'll get to relitigate the issue of employment status on whatever the other standard is that applies to labor code claims, contract claims, and common law claims, while the PAGA case is governed by what they hope will be a very narrow ruling based on the wage order. So they can't have it both ways. They shouldn't be allowed to just guess about how Dynamex is going to come out, but if they do, then they've got no prejudice. So do I understand this correctly? If the state court in Cullum makes a determination of George's employment status on whether he's an employee or independent contractor, will the district court be precluded from litigating that same issue under the principles of collateral estoppel? It depends on what the standard is for employee. Defendant has told you no, because they've said Dynamex is going to provide two different standards. Now, if defendant was wrong, if Dynamex is controlling, and that case is decided on the exact same standard, then yes, there could be preclusion, but we don't know how Dynamex is going to be decided, which brings us back to the wisdom of waiting for Dynamex, right? So the answer is you can't tell until Dynamex comes out. But importantly, if Dynamex comes out the way defendant says it will, then the answer would be no, because there wouldn't be two different standards, and that issue would be relitigated. Out of curiosity, are you aware of what the briefs or oral arguments in Dynamex might lead to guess at the decision that that court might be coming down with? I follow Dynamex very closely and hesitate to ever guess about what the California Supreme Court might do. My belief is that you're going to see a movement away from the Borrello standard. I don't think we'll see a two-tier standard. Just historically, really think about what it would be like if a building full of workers fell into multiple categories. You'd have three categories in every building. A practical effect. Probably not, especially Justice Wu, for example. He doesn't usually go in for something that fancified and hard to work with, right? I don't see those ‑‑ I don't see this bench making life as complicated as defendant thinks it will. But that's really not the point here. The point here is you can't build your alleged prejudice on speculation. And their prejudice is completely incompatible with their jurisdiction argument. Right? So the answer is they can't possibly have both. But there's another reason that their argument fails. And that is that the law does not require a stay pending another opinion to be based on exactly the same rules. In fact, it's sufficient if the law is just generally informative. So because of that, the company's argument fails. There was never a requirement that Dynamex be directly on point to begin with. You're allowed to stay a case because it might be informative. And there's no doubt it will be informative. The Supreme Court is going to write up an entire decision on what is and isn't an employee, even if it's not controlling, the federal court reasonably could expect that it might have some useful information there to help it untangle California's employment laws. With regard to jurisdiction, though, I'd focus on why defendant really fails their full stop. Defendant, appellant, only wins if the standard is that they have a right to be heard in federal court that is inviolate. And that any time they're put out of court on any issue, that gives this court jurisdiction for an interlocutory review. That is not the law. Here's what Moses H. Cone actually says. Now, on Moses H. Cone, it was an arbitration case. Hospital and contractor had a fight. Hospital wants to litigate. Hospital goes to state court and gets litigation going. Contractor goes to federal court and files a motion for arbitration. Instead of ruling on the merits, the federal court says, I'm just going to stay and let the state court litigation continue. Well, that really ended the federal court proceedings. The federal court had one issue, which is motion to compel arbitration. The stay ended the whole proceedings. Moses H. Cone said, all right, that's going far enough. That gives us a right to review. But then it's as though they wrote to defendant's argument, and here's what the Supreme Court said. We do not hold that an order becomes final merely because it may have the practical effect of allowing a state court to be the first to rule on a common issue. That controlling Supreme Court precedent strikes at the core of defendant's or appellant's argument. Remember, appellant just said, my client has a right to have this issue decided by a federal forum. United States Supreme Court says, no, you don't. In fact, we hold that you don't get into locatory review even if it has the practical effect of letting a state court decide first. What Cone also stated was, quote, we hold only that a stay order is final when the sole purpose and effect of the stay is precisely to surrender jurisdiction of a federal suit, end quote. And clearly this court was not trying to do that. If it was, why is it having us give them updates every 30 days? And we now know for certain that can't be the effect. We know that we're getting an opinion in eight weeks, and we know that the Paga case doesn't even have a trial date yet. There is no physical way that the thing defendant fears could possibly happen. It's gone from speculative to impossible. So given that we now know that not only was it not the court's purpose, but it cannot be the effect, there's no way for this court to establish jurisdiction in the first instance. And Moses H. Cone is not the only case to handle this. The Ninth Circuit has gone on to address it. In Stanley, for example, there was a state court proceeding regarding competency. And litigant comes to the federal court, and federal court says, no, you have to go through the entire state court competency proceeding. This court, the Ninth Circuit, found that there was no jurisdiction. And in doing so, it said, even though requiring defendant to first proceed with state action will likely involve substantial delay, in the case of Stanley, literally years of delay, the state court, that does not amount to a refusal to proceed to a disposition on the merits. Rather, it was one in which the district court clearly proceeds and intends that the proceeding will resume. And that's the real law on this. In order for this court has to have jurisdiction, I think it was in Lockyer, they said the court has to be attempting to deep six the litigation, which is a naval term from the 1940s. But the answer is that the court only establishes jurisdiction if the federal court is acting to literally deep six the litigation. And that's not what happened here. There's another problem as well with regard to the issue of error. Defendant claims that the entirety of the pending California Supreme Court case will be irrelevant. But they said the opposite in open court. Defendant's argument hinges on their own counsel's representation that led to this day, when counsel said, there's this Dynamex case that's going to set the standard for cases like these. So defendant's argument is the judge is guilty of abusive discretion because it listened to, believed, and followed the statements of their own counsel. Now, we've already briefed the waiver issue. That part's clear. But even if you didn't accept that there was waiver on the face of this, I'd urge you not to rule that your colleagues can commit error by listening to the attorneys in front of them and acting on the representations of defendant's counsel. That is, you mustn't be stuck in the trap where defendant says, here comes Dynamex. It's going to be important. You make your ruling. And then six weeks later, defendant says, I didn't mean it. Dynamex is not going to be important. And therefore, you committed abusive discretion. It's not abusive discretion to trust your lawyers. Wouldn't that be an issue, counsel? Wouldn't that last point only be an issue we could reach if we had jurisdiction? I agree, Your Honor. The real starting and end of this case is jurisdiction. You're right. I cover the merits because I think that someone might want to know. But you're absolutely correct. The case really starts and ends with the controlling language in Moses H. Cohn, right? The standard is not put out of court. And importantly, a litigant does not have a right to have a given issue decided in federal court. Defendant's premise confuses a desire for tactical advantage with a vested right. Moses H. Cohn made explicitly clear no one has a right to a tactical forum choice. Neither party does. If the ruling was intended to shut down the litigation, that would be different. But no one thinks this court was driving to shut down the litigation. I think we have your arguments well in hand, unless you have some. No, Your Honor. I have two minutes left. We could discuss literature, art, whatever you like. No, we will. Thank you. We will submit. Thank you, Your Honor. Thank you very much. Thank you, Your Honor. First of all, I'd just like to resolve the issue between the two different standards. The Cullen-Paga case, of course, doesn't only have a wage order claim. It has a labor code claim as well. So, therefore, whatever standard is applied in that case, it could well have collateral or stubble effect in federal court. So I'd just like to check that one off. Second, in terms of jurisdiction, I note my friend here quoted from a footnote from Moses H. Cohn saying what the court was expressly not deciding. And as we know, if the court was expressly not deciding something, it's dicta. What we should, in fact, look at is the long line of Ninth Circuit cases, including Lockyer, which says a party will be effectively out of court if there is a substantial possibility that the issues will be limited by the other case. That was followed by Subliquit and also by Blue Shield. And Blue Shield, again, said a stay can be appealed simply because it's too long or indefinite, which is, you know, at 18 months and still continuing, which will not automatically be raised when dynamics issues. I would say that that in itself provides grounds for jurisdiction. Next, we also we've briefed these issues, but I also want to make sure you've got the chance to ask questions. In the event you didn't hold that this was a final order putting us out of court, it is also a collateral order because the stay has been conclusively determined. The issue here is whether the case is going to continue or the state court is going to determine this important issue of employment classification. And, of course, it's capable of evading review because, as we discussed when I was up here before, if we have to go back down, challenge the stay, it's not lifted. We're not going to be back here for two years, in which case, by that point, it will all be moot because the state court will have we will have suffered the very harm in that the state court judge will have decided the employment classification. We'd have lost the right to a jury. Now, one thing I also noticed that my friend here did not address at all was the fact that the Landis factors were not satisfied. There was no showing of harm to plaintiff in proceeding with his own case, and, in fact, that contradicted his very representations to state court when he opposed a stay pending dynamics in that case. As to one of the final points that my colleague made about my comment about these cases, it's very clear we've put it in the brief. The context is I was discussing the Cullum-Paga case and mentioned how dynamics was going to influence these cases, referring to the Cullum state court case. As soon as the court suggested a stay, I immediately, on the record, said we would like it to be briefed and objected. And a party is not deemed to have waived arguments in circumstances where it has objected to the very stay that's been issued. I keep pausing to make sure if you have any questions. I don't have any further questions. I don't know if Judge Gould or Judge Suhari have any questions. I don't really have questions, except if I go back to the question Judge Suhari asked at the outset, is would you be better off waiting until dynamics is decided, and then if the court doesn't lift the stay, then making your appeal? If you did that, couldn't you file some type of emergency motion in our court rather than wait for two years, as you said? Your Honor, that's certainly something that we could try to do, but the ordinary course would suggest that we would be waiting 18 months to two years for a decision on that. And if we were to do that, we'd effectively be out of court on the issue of employment classification. Okay. Thank you. One final issue I did want to address was a question that Your Honor asked about what dynamics was going to decide. I've really stirred the pot, haven't I? Well, I actually had the fortune of taking pretty much every deposition in that case and working on it for approximately eight years, and so I'm intimately familiar with what the Court of Appeal decided. And while my colleagues suggested a court wouldn't possibly suggest two different standards, one for the labor code and one for the IWC sufferer permit standard, that's exactly what the California Court of Appeal did when it issued its decision. And in fact, I just wanted to quote from what the Supreme Court is considering. The issue before it is, quote, may a class be certified based on the Industrial Welfare Commission's definitions, as construed in Martinez and Coombs. And then, in fact, as recently as December 28th of 2017, the Supreme Court asked for further briefing. And in the further briefing, it asked, quote, is the permanent wage order sufferer permit to work definition of employee properly construed as embodying a test similar to the ABC test in New Jersey? And in our case, in George, there is no dispute that there is no wage order claim. So in circumstances where the California Supreme Court has decided the test under the wage order, the Court of Appeal has decided the test under the wage order, and then the California Supreme Court, the very issue listed, and the issue that it requested in supplemental briefing, is solely about the wage order, how can that case impact the George case to require us to have an 18-month and ongoing stay, whereby my client is at the very real risk of losing its statutory right to a federal jury trial on the issue of employment classification. It's not necessarily about the cases being resolved and finally determined. It's about that important classification issue and the risk of collateral estoppel. Thank you, Your Honor. We appreciate your time. Thank you. Thank you for your arguments in this case, Mr. Graves, Mr. Cowell. We appreciate your presentations. The case of Michael George v. Mannheim Investments and Mannheim Remarketing, Inc. is submitted.
judges: Gould, Murguia, Zouhary